IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,
                Plaintiff,

       v.                           CASE NO. 14-3031-SAC

OFFICER BILTOFF,
et al.,

                Defendants.

**MEMORANDUM AND ORDER**

This pro se complaint was filed pursuant to 42 U.S.C. § 1983 by Mr. Jones while he was an inmate of the Hutchinson Correctional Facility (HCF). He has since notified the court that he has been transferred to the Larned Mental Health Correctional Facility.

Having reviewed the materials filed, the court finds that Mr. Jones has not complied with the statutory filing fee prerequisites and that the complaint fails to state a claim and is frivolous. Plaintiff is given time to satisfy the filing fee and to show cause why this action should not be dismissed.

**FILING FEE**

The fees for filing a civil rights complaint in federal court total $400.00, or for one granted leave to proceed without

1

prepayment of fees, the fee is $350.00. Mr. Jones has neither paid the fee nor submitted a motion to proceed without prepayment of fees (IFP motion). This action may not advance until plaintiff has satisfied the statutory filing fee in one of these two ways. Mr. Jones is reminded that 28 U.S.C. § 1915 requires a prisoner seeking to proceed without prepayment of the fee to submit a motion together with an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."[1] 28 U.S.C. § 1915(a)(2).

In addition Mr. Jones is required to utilize the proper forms for an IFP motion. Plaintiff is forewarned that if he fails to satisfy the fee within the time prescribed by the court, this action may be dismissed without prejudice and without further notice. The clerk shall be directed to provide plaintiff with forms for filing a proper IFP motion.

---

[1] Mr. Jones is reminded that even if leave to proceed without prepayment of fees is granted, he will remain obligated to pay the full district court filing fee of $350.00 for this civil action. Being granted such leave merely entitles him to pay the filing fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

**ALLEGATIONS AND REQUESTS FOR RELIEF**

In the caption of the complaint, plaintiff names as defendants County Counselor Rich Eckhart, Shawnee County, Kansas; Officer Biltoff, employee of the Shawnee County Department of Corrections (SCDOC); and "Unit Team Hoepner," employee of El Dorado Correctional Facility (EDCF). Elsewhere in his complaint, he also refers to "KDOC I-N-I Blacksuit Officer" employed at the EDCF as a defendant.

Plaintiff's allegations under "Nature of the Case" mainly concern a prior lawsuit filed by him in this court and his pursuit of administrative remedies in connection with his claims in that action. That prior lawsuit was dismissed by this court: *Jones v. State of Kansas*, Case No. 12-3229 (D.Kan. August 21, 2013). Plaintiff sets forth five counts in the instant complaint: (1) violation of his First Amendment right to communicate; (2) violation of his First Amendment right to court access; (3) violation of his Sixth Amendment right to due process, (4) denial of his right to confidential correspondence with lawyers or their assistants, and (5) denial of his right to medical treatment and to be free from injury.

In support of Count (1), plaintiff alleges that Shawnee County failed to return his seized outgoing letters so that he could remove the words "legal mail" and mail them out again. He

further alleges that defendant Eckhart told him to "utilize the proper procedure to get his letters back," that he "did this," but his letters were not returned until he left the jail six months later. In support of Count (2), plaintiff alleges that his letters were to "people who are responsible class action administration" and that "under K.A.R. 44-16-601(1)(A) that is legal mail." He also describes an incident which he suggests impeded his access in Case No. 12-3229. In support of Count (3), plaintiff alleges that his ability to grieve and exhaust administrative remedies was impeded by his being "moved around so much" and "being mentally ill." Plaintiff's allegations in support of Count (4)[2] are not clear. He appears to argue that if he claims his outgoing mail is "legal mail to a legal service" and it is not opened to review the content, then determining the nature of that mail from the address rather than the content is improper. Plaintiff also alleges that his "letters to a claims administrator are confidential" because those persons handle his legal affairs.

Plaintiff's requests for relief are: the filing fee assessed in his prior lawsuit plus litigation expenses for that

---

[2] Plaintiff numbers this as his "5th Count," but the court refers to it as Count 4 because it comes after Count 3 in the complaint and because plaintiff's last count is not related to any of the other four. Plaintiff's last count is on a page attached to the back of his complaint, and is referred to by the court as Count 5 rather than "4th Count."

4

lawsuit of $150; "a million dollars' worth of civil penalties (he) could have recovered had he been able to respond to the class actions and opt-out and bring (his) own lawsuit;" for the court to "fix administrative remedies injunctively"; "punitively $100,000"; "compensatory 100,000.00".

**SCREENING**

Because Mr. Jones is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Having screened all materials filed,

5

the court finds the complaint is subject to being dismissed for the following reasons.

**CLAIM PRECLUSION**

The first four counts in plaintiff's complaint are similar claims based upon the same set of facts as in Case No. 12-3229. In that case, judgment was entered against Mr. Jones. A reading of the instant complaint plainly reveals that Mr. Jones repeats arguments that the same four letters he attempted to send to companies engaged in class action litigation were legal mail and that interference with those letters violated his constitutional rights to court access and free communication, among others. These very claims were dismissed in plaintiff's prior action for failure to state a claim and as frivolous.[3] Plaintiff's appeal of that judgment was dismissed for lack of jurisdiction because it was not timely filed, and that judgment is final. Plaintiff states that he is "refiling" his case regarding the "four seized out-going letters" that he marked as "legal mail". He adds that

---

[3] Plaintiff has named a different jail employee, claiming Biltoff was the person who actually prevented the return of plaintiff's letters. However, as a government employee, this defendant is "clearly in privity with the defendants in the previous action." *See Malek v. Brockbrader,* 190 Fed.Appx. 613, 615 (10th Cir. 2006)(citing *United States v. Rogers*, 960 F.2d 1501, 1509 (10th Cir. 1992)("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.")(internal quotations and citation omitted)).

he is "now" complaining that he did not get the letters back for six months because Officer Biltoff told the property officer not to let him have them because they might be needed for evidence.[4]

Plaintiff's claims in the first four counts of his complaint are barred by the doctrines of claim and issue preclusion. *See MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005)(elements of issue preclusion include an identity of claims and parties); *Park Lake Res. Ltd. Liab. Co. v. United States Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004)("Under [claim preclusion], 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action'.")(citing *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990)(quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The court already determined in Case No. 12-3229 that "the letters in question" did not qualify as "legal mail." The court rejected plaintiff's assertions that his rights to

---

[4] Plaintiff alleges that he asked the court in Case No. 12-3229 to "order the jail" to return these letters to him, and that the court "disregarded his request" because it perceived that he had not exhausted administrative remedies. The order of dismissal in Case No. 12-3229 plainly shows that the main reasons for dismissal of plaintiff's mail claims were failure to state a constitutional claim and frivolousness. The court briefly mentioned that plaintiff's allegation as to when he filed an administrative grievance "indicates that plaintiff had not fully exhausted administrative remedies at the time he filed this action," and noted that this was "yet another reason for dismissal of his mail seizure claim" (citing 42 U.S.C. 1997e(a)). Plaintiff's belief that failure to exhaust was the court's basis for denying relief in Case No. 12-3229 is simply unfounded. His arguments in other filings that he has exhausted are not at all convincing and even if true, event do not somehow nullify the dismissal of his prior action.

communicate with the outside world[5] and attorney/client privilege were violated. The court additionally found that the seizure and withholding of these letters in connection with disciplinary proceedings were not shown to have violated plaintiff's right of access to the courts.[6] Plaintiff was informed in his prior lawsuit that "an essential element" of such a claim "is a showing of actual injury" and that the facts alleged and his exhibits failed to show "any injury to a non-frivolous action that was filed by him." The court specifically rejected plaintiff's claim for damages based on "losses" that allegedly resulted from his not being able to "opt-out of class action lawsuit and sue in the state for civil penalties for consumer protection violations," which is repeated in the instant

---

[5] The court reiterates that plaintiff could have exercised his right to communicate had he simply "chosen to adhere to jail policy and directives" in the first instance, or had he not improperly designated his letters to these businesses as legal mail a second time, or after they were seized had he simply reproduced the letters and mailed them properly.

[6] In plaintiff's prior action the court further found as follows. Mr. Jones attempted to mail letters he had marked as legal mail, but jail authorities determined the letters did not fall within the definition of legal mail. Plaintiff had previously been warned not to improperly designate mail as legal, and his actions contrary to rules and directives led to a disciplinary hearing and finding of guilty. The exhibited decision from the disciplinary proceedings indicated that the letters in question were addressed to Kansas Fiber Optic Cable, LCD Class, Epig Bankruptcy Solutions, and Girardi and Company, which are businesses rather than courts, governments, or law firms. Plaintiff's belief that these letters were "legal in nature" was not enough to present a § 1983 claim, and the facts alleged by plaintiff did not indicate that administrative decisions regarding these four letters violated his federal constitutional rights. Plaintiff was notified that his "letters were confiscated" and held "as evidence for (his) disciplinary hearing" and that once that hearing was concluded he could access them if he "utilize(d) the appropriate mechanism."

complaint. Plaintiff's added allegation in the instant complaint that his letters were not returned for six months is not a significantly "new and independent" claim from his prior allegations concerning seizure and withholding of these letters. *See Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006). The court concluded that the complaint in Case No. 12-3229 was "frivolous on its face and utterly fail(ed) to state facts or a legal theory that would entitle plaintiff to relief under 42 U.S.C. § 1983." Mr. Jones was given the opportunity to cure the deficiencies in his complaint and warned that if he failed to do so, his action would be dismissed as frivolous and for failure to state a claim. He was also informed that Case No. 12-3229 would count as a strike against him.[7]

The court finds that plaintiff's claims regarding his mail are subject to dismissal as barred by claim preclusion.[8] Moreover, even if res judicata is not applied to this case, the

---

[7] Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[8] "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised." *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980).

9

"clearly repetitive nature" of plaintiff's claims in his first four counts render them subject to dismissal "as frivolous under § 1915(e)." *Childs v. Ortiz*, 223 Fed.Appx. 804 (10th Cir. 2007).

Only a couple of plaintiff's allegations regarding his mail claims require additional discussion. In Case No. 12-3229, the court also rejected plaintiff's claim against defendant County Counselor Eckhart based on 11th Amendment immunity to damages claims and because no facts were stated showing this defendant's personal participation in the alleged constitutional violations. Plaintiff's only additional allegation against Eckhart in this case is that Eckhart told him to follow proper procedures in seeking the return of his letters and he did but was unsuccessful. These allegations utterly fail to evince a federal constitutional violation on the part of defendant Eckhart.

Under Count 2 asserting denial of access, plaintiff also alleges that he asked defendant Hoepner at the EDCF to e-file plaintiff's "proof of damages" in Case No. 12-3229, that Hoepner was seen throwing it on the ground but "later took it to be e-filed," and that it was "subsequently lost" and never e-filed. Plaintiff made these allegations for the first time in a motion for relief from judgment in Case No. 12-3229, where this court found that they did not entitle him to relief. The court held

that this incident had not denied Mr. Jones access in Case No. 12-3229 because Mr. Jones did not describe the document in question, proof of damages was not a defect that he had been ordered to cure, and he had managed to submit 28 filings after the court's show cause order, two of which purported to discuss damages. The court expressly rejected plaintiff's argument that he was impeded in his attempts to respond in that case. Plaintiff alleges no additional facts that would entitle him to damages against defendant Hoepner based on this same incident. He alleges that Hoepner did take his document to be e-filed, and he does not allege that the document was lost by Hoepner. The court finds that accepting plaintiff's repetitive allegations regarding Hoepner as true, he fails to state a claim of denial of access against this defendant.

The court additionally finds that plaintiff is not entitled to the compensatory and punitive damages sought in his complaint for the same reasons that similar damages claims were denied in Case No. 12-3229. Plaintiff's request for the return of the filing fee assessed and for "litigation expenses" in Case No. 12-3229 is denied because it is not supported with any factual basis or legal authority.[9] Plaintiff's bald request that the court "fix administrative remedies" is supported by no facts

---

[9] Under 28 U.S.C. § 1914 the clerk of the court shall require the plaintiff instituting any civil action to pay the filing fee.

whatsoever and entitles him to no relief.  Accordingly, the court denies all the relief that is explicitly requested by plaintiff in his complaint.

**UNRELATED COUNT AND ALLEGATIONS DISMISSED FOR IMPROPER JOINDER**

As noted, plaintiff's background facts and four of his five counts are repetitive claims regarding the seizure and withholding of his outgoing mail at the Shawnee County Jail. Plaintiff attaches as the last page to his complaint an additional count based upon an unrelated incident that allegedly occurred after he was transferred to the El Dorado Correctional Facility (EDCF).  As factual support for this fifth Count, plaintiff alleges that on October 10, 2013, he was in the strip-out cage at the EDCF preparing for an off-site medical appointment, when he got into a verbal argument with the unknown "I-N-I black suit officer."  He further alleges that the officer was rude and demeaning and ordered plaintiff to "give-up his leg brace for his broken ankle" for "no reason other than to upset" plaintiff.  In addition, plaintiff alleges that he made several requests for return of the brace, but ended up leaving on parole without it.  He also claims that he was "robbed of the ability to see a doctor."  Plaintiff has attached an exhibit to his complaint of a Property Damage/Loss or Personal Injury Claim

12

that he filed regarding this incident in the amount of $100 for "lost property." In this exhibit, he states that he called the officer names and was written up the next day; however, in a later filing he states that he was not disciplined.

Plaintiff's allegations regarding the taking of his leg brace at the EDCF are obviously not related to the first four counts in the complaint. Nor are they against any of the defendants alleged to have been involved in the other counts. Furthermore, plaintiff does not seek any type of relief in his complaint based upon this unrelated set of facts.[10] The court concludes that plaintiff's last count regarding the taking of his leg brace at the EDCF is not properly joined with his other four counts regarding mail seized at the SCJ. Mr. Jones was informed in two separate orders in his prior lawsuit that unrelated claims may not be joined in a single action. *See* Rule 18, Federal Rules of Civil Procedure. This improperly joined count is dismissed without prejudice.[11] Mr. Jones is not

---

[10] As discussed later herein, plaintiff recently filed a "Motion for Temporary Injunctive Relief (Doc. 5). In this motion, he asks for an order "to the jail and prison" to "work out its handling" of his property claims and "order that he get a new leg brace and physical therapy." He also suggests that "black suits" were "messing with his outgoing mail" at Hutchinson Correctional Facility. This was not a proper Amended Complaint.

[11] The court declines to construe this action as raising plaintiff's leg brace claim only for several reasons. First, it is apparent that plaintiff's most numerous and primary claims in this complaint are his repetitive mail claims. Second, plaintiff did not specify how he was injured or seek relief tied to his leg brace claim in this complaint. Third, allegations of loss of

prevented from pursuing this claim by filing a separate lawsuit upon court-approved forms in which he names proper defendants and alleges facts in support showing a constitutional violation.

**ADDITIONAL CLAIMS NOT PRESENTED IN COMPLAINT DISMISSED FOR FAILURE TO ADD BY PROPER AMENDMENT AND/OR IMPROPER JOINDER**

To the extent that Mr. Jones attempts to raise many other unrelated claims in his numerous exhibits, notices, declarations and other improper filings,[12] the court repeats that he has not properly amended his complaint to include these claims and they

---

property do not state a claim for relief under § 1983 as long as plaintiff has other remedies such as the exhibited property loss claim. Fourth, plaintiff does not allege sufficient facts in the complaint to establish a constitutional denial of medical treatment claim, although the court expresses no opinion as to whether or not he could allege such facts. Fourth, plaintiff states that he was unable to exhaust administrative remedies on this claim due to transfers. However, the court notes that he also alleges that he was released on parole during this time, and his reference to transfers and his mental illness without more detail as to how and when he was impeded are not sufficient to excuse the exhaustion prerequisite. Finally, Mr. Jones may not avoid a strike for filing a repetitive, frivolous lawsuit by simply appending an unrelated, inadequately-supported, and improperly-joined claim to his complaint or by again attempting to add significant allegations or raise additional improperly-joined claims in filings that are not proper amended complaints, particularly after he was previously advised that the Federal Rules prohibit improper joinder of claims and the raising of new allegations and claims in filings other than a complete and proper amended complaint.

[12] For example, Mr. Jones attaches exhibits to his complaint (e.g., Doc. 1-1 at 13, 14; Doc. 11), containing narratives regarding unrelated matters including prison policy on payment of "federal file fees," the revocation of his parole, and a broken leg from a fall. Some of these also contain occasional irrational statements like, "I can't stop picking at my eyebrows" and "I forget to kill myself." In his filing "In Support of Some Sort of Temporary Injunctive Relief (Doc. 6)," Mr. Jones discusses a personal injury claim regarding his "broken leg," which he alleges resulted from a fall when an officer let go of his chains.

shall not be considered further herein. Mr. Jones was informed in two different orders in his prior lawsuit that he may not add new allegations and claims other than by filing a complete amended complaint. In any event, plaintiff's new, additional claims regarding events at other institutions are not properly joined to his claims regarding mail at the SCJ.[13] Plaintiff may not avoid the statutory filing fee prerequisites, which must be satisfied for each civil action that he files, by submitting a complaint on one incident and then discussing unrelated claims that cannot be properly joined in various filings that are not an Amended Complaint. Nor may he so easily avoid the three-strikes provision.

**DISMISSAL WILL COUNT AS STRIKE**

Plaintiff is notified that dismissal of this cause of action will be pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), because plaintiff's repetitive claims are frivolous and fail to state a claim. Accordingly, this case will count as a "strike" pursuant to 28 U.S.C. § 1915(g) upon affirmance or

---

[13] Mr. Jones has alleged that he suffers from severe persistent mental illness, and the court does not doubt this allegation. His jumble of allegations and filings (11 submissions since the complaint was filed herein) in this and his prior case are difficult to consider in an organized manner. He continues his pattern of abusive filings, even though he has previously been informed that his filing numerous motions and papers impedes rather than facilitates the progress of his lawsuit.

waiver of his opportunity to appeal. If this action becomes a strike, Mr. Jones will have only one strike remaining before he is designated a three-strikes litigant. In the event that he is so designated, he will be required to pay the full filing fee of $400.00 upfront in order to litigate a claim in federal court, unless he makes a showing that he is in imminent danger of serious physical injury.

**MOTIONS**

The court has considered plaintiff's Motions to Appoint Counsel (Docs. 3 & 5). There is no right to counsel in a civil action, and the matter is within the discretion of the court. This action is repetitive and frivolous. Accordingly, the court finds that these motions should be denied.

The court has considered plaintiff's Motion for Temporary Injunctive Relief (Doc. 5) with memoranda in support. In this motion, plaintiff appears to seek preservation of videotapes at SCJ as well as EDCF as "legal evidence." However, no tapes are adequately described and no other factual or legal basis is presented that would entitle plaintiff to this relief. Plaintiff also seeks an "order to the jail and prison to work out its handling" of his grievances, requests, and property claims so that they may be administratively exhausted. Again,

no factual or legal basis entitling plaintiff to this relief is presented. All of plaintiff's allegations concerning actions of "blacksuits" and his mail at the HCF appear to have taken place at different times and places than the first four counts in the complaint. Plaintiff has not properly amended his complaint to add any of these claims, they are not properly joined, and they will not be considered further.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given thirty (30) days in which to submit either the filing fee of $400.00 in full or a motion to proceed without prepayment of fees upon court-provided forms together with the requisite financial information.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to cure the deficiencies in his complaint that have been discussed herein or this action will be dismissed.

**IT IS FURTHER ORDERED** that plaintiff's Motions to Appoint Counsel (Doc. 3 & 5) and plaintiff's Motion for Temporary Injunctive Relief (Doc. 5) are denied.

**IT IS FURTHER ORDERED** that plaintiff's claim against "KDOC I-N-I Blacksuit Officer," EDCF, is dismissed, without prejudice, as improperly joined.

The clerk is directed to send plaintiff the appropriate IFP

motion forms.

**IT IS SO ORDERED.**

Dated this 26th of March, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**