IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,
            Plaintiff,

      v.                           CASE NO. 14-3031-SAC

OFFICER BILTOFF,
et al.,

            Defendants.

**O R D E R**

On March 26, 2014, this court entered a Memorandum and Order screening the complaint and 12 other documents submitted by plaintiff in this case. The court found that plaintiff had not complied with the statutory filing fee prerequisites and that the complaint fails to state a claim and is frivolous. Plaintiff was given time "to satisfy the filing fee and to show cause why this action should not be dismissed." Instead of following the court's order as to the filing fee and submitting a single response to the order to show cause, Mr. Jones has filed 9 additional papers, including a Notice of Interlocutory Appeal and associated documents. This matter is now before the court upon plaintiff's "Declaration and Affidavit" (Doc. 17); "Declaration" (Doc. 18), Motion to Amend Complaint (Doc. 19), Motion for Extension of Time to File Response (Doc. 20), Motion

1

to Alter or Amend Judgment (Doc. 21), Notice of Interlocutory Appeal (Doc. 22), Motions for Leave to Appeal in forma pauperis (Docs. 23, 28), and Motion to Appoint Counsel (Doc. 24). Having considered these filings, the court finds as follows.

These filings plainly reflect three improper practices by Mr. Jones in his several cases that confuse rather than clarify his claims and thus impede resolution. First, as the court has repeatedly attempted to explain to Mr. Jones, he may not litigate a morass of unrelated claims in a single action. Instead, he may only sue those defendants that were all involved in a single incident or transaction or set of transactions in a single complaint. Mr. Jones often improperly discusses and argues aspects of all his cases in whatever case he is currently filing in.

Second, Mr. Jones may not he seek relief from rulings in a case by filing a new case and complaining regarding his other case. If Mr. Jones disagrees with rulings in a particular case, he must file for relief in that case or file a proper and timely appeal in that case. If he has difficulty filing something in a case, he must bring that to the attention of the court in that case in a timely manner.

Third, Mr. Jones may not submit improper filings and papers, and his practice of doing so is abusive. The initial

2

pleading, which is the complaint or petition, must contain all claims and allegations to be presented in the case. Filing an initial pleading, and then submitting numerous supplements, declarations, affidavits, exhibits, or other variously-named additions, none of which is a complete Amended Complaint, constitutes improper and abusive filing. Evidence such as affidavits and exhibits should not be submitted until either sought by the court, a dispositive motion is filed, or the matter goes to trial. Proper motions may be filed, when necessary, after the initial pleading. However, motions must have a descriptive title, specify the court action being sought, and contain a factual and legal basis showing the movant is entitled to the requested court action. Similarly, when the court issues a show cause order upon screening that requires a response, a single timely document entitled "Response" or "Response to Court Order" in which all defects are addressed is all that should be filed.

### *DECLARATION AND AFFIDAVIT (DOC. 17)*

The court has considered this document and finds that it is an improper filing, does not appear to be a complete response to the court's screening order, and contains matter that may only be properly presented in a complete Amended Complaint. In this

Declaration of Facts, Mr. Jones continues to improperly argue matters that are relevant to a prior case filed by him, Case No. 12-3229. Plaintiff was informed that he is precluded from raising issues regarding Case No. 12-3229 in this case. Any additional facts or issues related to Case No. 12-3229 must have been timely and properly presented in that case or on appeal in that case. Plaintiff's allegations regarding his claims in Case No. 12-3229, including those against defendants Eckhart and Biltoff, will not be considered further in this action.

Plaintiff's allegations that defendant Hoepner failed to e-file documents has changed with each additional filing in which he discusses this claim. If plaintiff wants to sue defendant Hoepner for denial of access to the courts based on Hoepner's alleged failure to e-file documents, he must file an Amended Complaint, or a new separate action, that names Hoepner as the sole defendant and sets forth all claims and allegations against Mr. Hoepner. No other defendant named in this case is alleged to have been involved in this e-filing incident, and Mr. Jones may not continue this lawsuit against all defendants on this ground.

Plaintiff was informed that any allegations regarding the taking of his leg brace must be raised in a single complaint and cannot proceed in this case against all the named defendants.

His continuing to make allegations concerning this claim is argumentative, improper, and abusive.

In sum, the court finds that this filing is improper and abusive and does not show cause why this action should not be dismissed.

### *DECLARATION (DOC. 18)*

The court has considered this document and finds it is improper for the same reasons as the previous document.

### *MOTION TO AMEND (DOC. 19)*

Although a motion to amend would be a proper motion at this juncture in this case, this particular motion is not adequate. Mr. Jones has previously been informed that a Motion to Amend must have a complete Amended Complaint attached. He simultaneously requests 1983 forms in this motion. Mr. Jones should have immediately asked the clerk to send him forms, then prepared his Amended Complaint, and then filed this motion with an Amended Complaint attached. This motion is denied because there is no Amended Complaint attached.

### *MOTION FOR EXTENSION OF TIME (DOC. 20)*

The court grants this proper motion and will extend the time

in which plaintiff is to comply with its Memorandum and Order dated March 26, 2014. The court cannot provide plaintiff with legal advice. Plaintiff's claims regarding the handling of his four letters to businesses were dismissed as frivolous in a prior case and he is barred from attempting to relitigate that claim in this case. Mr. Jones must take more time to carefully read and consider the court's Memorandum and Order. He must carefully prepare a single "Response" to the court's screening order or a proper Amended Complaint. No more piecemeal filings will be considered in this case. None of the filings considered herein is a proper, complete Response or a complete Amended Complaint, and their contents will not be considered further.

### *MOTION TO ALTER OR AMEND JUDGMENT (DOC. 21)*

The court has considered this motion and finds that it is not a proper Rule 59(e) motion. No final judgment has been entered in this case, and plaintiff makes no reference to this court's dismissal of a single defendant and claim based on improper joinder. Instead, plaintiff disagrees with the court's holdings that many of his filings are abusive and argues that that he may properly file numerous supplemental or additional materials. Rule 7 of the Federal Rules of Civil Procedure sets out the pleadings that may be filed in a civil case as well as

6

the form required for "motions and other papers." Generally, the "complaint" is the initial pleading filed by a plaintiff, and it must contain all the plaintiff's claims and allegations. Rule 15 governs amendments and supplements. Supplements may be filed "on motion" and with the court's permission, and only to "set() out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff presents no grounds for the court to reconsider its rulings mentioned in this motion.

### *INTERLOCUTORY APPEAL (DOCS. 22, 23, 24, 28)*

Instead of properly responding to the court's screening order, plaintiff has also filed a Notice of Interlocutory Appeal (Doc. 22). In addition, he seeks leave to proceed in forma pauperis on appeal (Docs. 23, 28) and appointment of counsel on appeal (Doc. 24).

Under 28 U.S.C. § 1291, the Tenth Circuit Court of Appeals "only possesses appellate jurisdiction over 'final decisions' of district courts." *See Roska ex rel. Roska v. Sneddon*, 437 F.3d 964, 969 (10th Cir. 2006). This requirement "precludes consideration of decisions . . . that are but steps towards final judgment in which they will merge." *North American Specialty Ins. Co. v. Correctional Medical Services, Inc.*, 527

F.3d 1033, 1038 (10th Cir. 2008)(citing *Roska*, 437 F.3d at 969 (internal quotation marks and brackets omitted). As previously noted, this court has not entered a final decision in this case. 28 U.S.C. § 1292 provides for appeals from interlocutory decisions by a federal district court only in very limited circumstances. Subsection (b) of § 1292 pertinently provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

*Id.*

Having carefully considered this matter and the relevant authorities, the court declines to order certification of this case for interlocutory appeal. Mr. Jones does not seek to appeal one of the few actions for which interlocutory appeals are expressly allowed under § 1292, such as the denial or issuance of an injunction. Thus, in order for this interlocutory appeal to proceed as to the "otherwise not

appealable orders," this court must issue the written certification required by § 1292. Certification of interlocutory appeals under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *State of Utah by and through Utah State Dept. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.), *cert. denied*, 513 U.S. 872 (1994)(citation omitted). A primary purpose of § 1292(b) is to provide an opportunity to review an order when an immediate appeal would "materially advance the ultimate termination of the litigation." *Id*.

This court does not believe that an appeal of its screening order entered March 26, 2014, at this juncture would materially advance the ultimate termination of this litigation. Nor does the screening order being appealed involve a "controlling question of law as to which there is substantial ground for difference of opinion." The court concludes that plaintiff's interlocutory appeal shall not be certified.

Since the court declines to certify plaintiff's interlocutory appeal, it also denies his motions for leave to proceed in forma pauperis on appeal and for appointment of counsel in said appeal. See Fed.R.App.P. 24(a)(3)(A)(a party

permitted to proceed in forma pauperis in the district-court action may proceed in forma pauperis on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or finds the party is not otherwise entitled to proceed in forma pauperis). The court notes that Mr. Jones has not even satisfied the district court filing fee prerequisites and has not filed a complete and properly-supported motion for leave to appeal in forma pauperis.[1] He has not provided the statutorily-required certified statement of his institutional account for either the district-court case or for his appeal. The account statement to support his motion on appeal must cover the six-month period immediately preceding the filing of his appeal.[2] The court finds that the interlocutory appeal is not taken in good faith.

This matter is not automatically stayed by the filing of plaintiff's notice of interlocutory appeal. It follows that the times set by this court for plaintiff to comply with its orders are not stayed.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Amend (Doc. 19) is denied, without prejudice; and plaintiff's Motion to Alter or Amend Judgment (Doc. 21) is

---

[1] The appellate filing fees total $505.00.

[2] Plaintiff is reminded that he must file a separate pleading in each of his cases, and may not simply send in one pleading with two case numbers.

denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Extension of Time (Doc. 20) to comply with and respond to the court's Memorandum and Order dated March 26, 2014, is hereby extended to and including May 16, 2014.

**IT IS FURTHER ORDERED** that this court declines to certify plaintiff's interlocutory appeal (Doc. 22) and certifies that this appeal is not taken in good faith, and that plaintiff's Motions for Leave to Proceed in forma pauperis on Appeal (Docs. 23 & 28) and plaintiff's Motion for Appointment of Counsel on Appeal (Doc. 24) are denied.

The clerk is directed to transmit a copy of this Order to plaintiff and to the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 16th of April, 2014, at Topeka, Kansas.

    **s/Sam A. Crow**
    **U. S. Senior District Judge**