IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,
              Plaintiff,

       v.                    CASE NO. 14-3031-SAC

OFFICER BILTOFT,
et al.,

              Defendants.

**O R D E R**

On March 26, 2014, this court entered a Memorandum and Order screening the original complaint and considering the 12 extra documents submitted by plaintiff. The court found that the complaint was subject to dismissal for failure to state a claim and as frivolous. Four of the five counts concerned mail seizures and were barred by issue preclusion because the same claims were rejected in a prior lawsuit filed by plaintiff, *Jones v. State of Kansas*, Case No. 12-3229 (D.Kan. Aug. 21, 2013). The fifth claim was dismissed without prejudice for reasons that included improper joinder, of which Mr. Jones has repeatedly been advised. Plaintiff was given time to show cause why this action should not be dismissed for the reasons stated in the screening Memorandum and Order.

Instead of submitting a single complete response to the court's screening order, Mr. Jones filed 9 additional papers

including a Notice of Interlocutory Appeal. The court determined these filings in another Order entered April 16, 2014, and granted plaintiff's motion for extension of time to respond. The Tenth Circuit Court of Appeals recently dismissed plaintiff's interlocutory appeal. This court previously noted "three improper practices" by Mr. Jones "in his several cases that confuse rather than clarify his claims" and impede resolution: attempts to litigate "a morass of unrelated claims in a single action" rather than suing only those defendants involved in a single incident or transaction or set of transactions; attempts to seek relief from rulings in a prior case by filing a new case in which he makes arguments regarding prior claims; and his submission of many improper, abusive filings and papers. Mr. Jones has also been informed repeatedly that additional claims or allegations may only be introduced by way of a complete Amended Complaint. In the court's April Order alone, Mr. Jones was twice reminded that a complaint must contain all claims and allegations to be presented in the case. He was also plainly informed that his filing numerous "declarations" or other variously-named papers, none of which is a complete Amended Complaint, is ineffective and constitutes improper and abusive filing. In addition, he was informed that when the court issues a screening order that requires a

response, a single timely document entitled "Response" or "Response to Court Order" in which all defects are addressed is all that is necessary. Mr. Jones was directed to "take more time to carefully read and consider the court's Memorandum and Order" and to "carefully prepare a single 'Response' to the court's screening order or a proper Amended Complaint."

The extended time within which plaintiff was required to cure the defects in his original complaint or show cause why this action should not be dismissed has now expired. Again, rather than filing a single response to the court's screening order as directed, plaintiff has submitted 6 additional filings: "Notice of Name Correction and Administrative Exhaustion" (Doc. 30), "Notice Regarding 1st Amendment Rights of Association . . ." (Doc. 31); Notice to Court (Doc. 32); Motion to Amend Complaint (Doc. 33); Notice of Non-Frivolous Claim . . ." (Doc. 34); and Motion to Supplement (Doc. 35). Having considered these filings, the court finds that plaintiff's four "Notice(s)" (Docs. 30, 31, 32, and 34) do nothing to satisfy the court's screening order. None is either a single response that addresses all deficiencies or a complete Amended Complaint. These piecemeal, generally-unnecessary filings are improper and may be disregarded. Accordingly, to the extent that any amendment or request for relief may be presented in plaintiff's

four notices that differs from the allegations, claims, and relief sought in the form Amended Complaint, the same is denied as not presented in a proper pleading.

The court grants plaintiff's Motion to Amend Complaint (Doc. 33), but only to the extent that is seeks leave to file the attached Amended Complaint that is upon forms. The court has screened the Amended Complaint attached to this motion that is upon forms (Doc. 33-1).[1] The court concludes that, for reasons fully explained in the court's Memorandum and Order dated March 26, 2014 and Order dated April 16, 2014, the Amended Complaint is frivolous and fails to state a claim.

In his Amended Complaint, plaintiff names both Officer Matt Biltoft[2] and "Unit Team Hoepner" as defendants. He alleges that Biltoft works as an I-N-I investigator at the Shawnee County Jail, and that defendant Hoepner is the Unit Team Counselor at

---

[1] Statements in the Motion to Amend are not considered a part of the Amended Complaint. The other attachments (Doc. 33-2) to the Motion to Amend are not considered part of the Amended Complaint. These items were docketed as "exhibits" by the clerk, and what they are is not at all clear. However, it is clear that they are not allegations and claims made upon court-approved complaint forms. It seems that Mr. Jones has attached a complaint and motion that he prepared prior to receiving forms. The court has no obligation to merge the two, which should be but are not identical. In any event, these attachments do not contain any material information or argument that Mr. Lee has not already provided or suggested in prior filings and are simply additional improper, argumentative and abusive filings.

[2] Plaintiff and the court have variously referred to this defendant as Biltoff and Biltoft. Plaintiff's exhibit of a letter attached to Doc. 30 indicates that this person's correct name is "Lt. Matt Biltoft." The court therefore from now on refers to this defendant as Biltoft.

the EDCF. In the court's prior orders, plaintiff was notified that his claims against these two defendants, whose acts took place at different times and institutions, appeared to be improperly joined in a single complaint, and yet he has joined them again. In his Amended Complaint, Mr. Jones continues to present the two defendants as properly joined apparently based on his suggestion that defendant Hoepner impeded his having obtained relief on his claims in Case No. 12-3229, which are the claims he attempts to re-allege against defendant Biltoft. The court rejects plaintiff's repetition of this position, and finds that plaintiff has not cured his complaint of improper joinder.[3] The court further finds, however, that even if these claims may be joined in a single action, both are frivolous and fail to state a claim.

In the court's screening order, plaintiff was plainly advised that due to the doctrine of issue preclusion he could

---

[3] Here as in 12-3229, plaintiff seeks damages based on the claim that certain outgoing letters were seized and withheld at the Shawnee County Jail and tries to re-litigate that claim herein against defendant Biltoft. The claim that he pursues against defendant Hoepner is based upon a later incident at the EDCF in which Hoepner is alleged to have refused to e-mail a legal document, which happened to be intended for filing in Case No. 12-3229. The access allegedly denied by Biltoft was to attorneys or representatives in consumer class action management firms; while the access allegedly denied by Hoepner was in connection with a document intended for e-mailing to this court. No facts are alleged to show that the two named defendants' acts arose "out of the same transaction, occurrence, or series of transactions or occurrences" or that common questions of law or fact will arise. Plaintiff appears to be mainly attempting to improperly obtain review of his mail seizure claims in this new action after he failed to make a case for relief from judgment based on Hoepner's acts in Case No. 12-3229 and failed to file a timely appeal in that case.

not re-litigate claims in this new action that had already been rejected in Case No. 12-3229. Nevertheless, in his Amended Complaint, Mr. Jones again alleges facts and makes arguments about the seizure and withholding[4] of his same four outgoing letters to consumer class action management firms. These facts were the basis for plaintiff's rejected claims in Case No. 12-3229. In determining plaintiff's first array of filings after the initial screening herein, the court specifically noted that "Mr. Jones continues to improperly argue matters that are relevant to . . . Case No. 12-3229," even after he "was informed that he is precluded from raising issues regarding Case No. 12-3229 in this case." He was also plainly informed that "any additional facts or issues related to Case No. 12-3229 must have been timely and properly presented in that case or on appeal in that case," and that his "allegations regarding his claims in Case No. 12-3229, including those against . . . defendant() Biltoft, will not be considered further in this action." Plaintiff does not satisfy the court's order to cure deficiencies in his complaint or show good cause by simply rearguing claims that were rejected in a prior action and that

---

[4] Plaintiff has never addressed the court's previous findings regarding his assertion that his right to communicate with the outside world was violated, that his mail was returned once for him to mail out properly but he instead improperly marked the letters as legal mail a second time, that he thus had two chances to properly send the letters, and finally that he could have at any time reproduced his letters and mailed them properly.

he has repeatedly been told are barred herein.[5]  The court concludes that plaintiff not having shown good cause and dismisses his claims regarding the seizure and withholding of his four letters from this action based on the doctrine of issue preclusion.

In the court's two prior orders, plaintiff was also informed that his allegations against defendant Hoepner based on Hoepner's alleged failure to e-file court documents at the EDCF were not properly joined with his claims regarding seizure of his business letters at the Shawnee County Jail.  Mr. Jones was instructed that "to sue defendant Hoepner for denial of access to the courts based on Hoepner's alleged failure to e-file documents, he must file an Amended Complaint . . . that names Hoepner as the sole defendant and sets forth all claims and allegations against Mr. Hoepner," and that "[n]o other defendant

---

[5] Plaintiff's theories that the seizure and withholding of the same four letters violated other of his constitutional rights are frivolous in any event.  His argument that he is claiming violation of his right to free communication only, which he contradicts elsewhere, was rejected in Case No. 12-3229.  The court is not obliged to reject the same claims and theories over and over simply because Mr. Jones is not satisfied with its rulings. Plaintiff's argument that the seizure and withholding of his letters addressed to businesses violated his Sixth Amendment right to counsel or to privately consult with counsel is frivolous; as the Sixth Amendment guarantees the right to be represented by counsel in criminal, not civil, proceedings. See *Turner v. Rogers*, 131 S.Ct. 2507, 2516 (2011).  Plaintiff's new theory that he was seeking advice from class action representatives regarding the criminal case for which he is confined, is nothing but a frivolous concoction.  Plaintiff's assertion that defendant Hoepner somehow blocked his legal consultation with class-action representatives and thus violated his Sixth Amendment right to counsel along with Biltoft is not only legally frivolous, but is not supported by any factual allegations whatsoever.

named in this case is alleged to have been involved in this e-filing incident." Again, plaintiff has ignored the court's holdings and has neither cured all deficiencies in his original complaint nor shown good cause why this action should not be dismissed as against defendant Hoepner. As the court stated in its screening order, plaintiff first made his allegations that Hoepner failed to e-file his "proof of damages" in Case No. 12-3229 in a motion for relief from judgment and "the court found that they did not entitle him to relief." Memorandum and Order (Doc. 16), pg. 11. The court "held that this incident had not denied Mr. Jones access in Case No. 12-3229 because Mr. Jones did not describe the document in question,[6] proof of damages was not a defect that he had been ordered to cure, and he had managed to submit 28 filings after the court's show cause order, two of which purported to discuss damages." The court thus noted that it "had expressly rejected plaintiff's argument that he was impeded in his attempts to respond in" Case No. 12-3229. The court then found in its screening Memorandum and Order herein that Mr. Jones "alleged no additional facts that would entitle him to damages against defendant Hoepner based on this same incident," and "that accepting plaintiff's repetitive

---

[6] Plaintiff's has since provided vague, evolving descriptions, none sufficient to establish that his access to the court was denied in Case No. 12-3229 due to this one document not being filed.

allegations regarding Hoepner as true, he fails to state a claim of denial of access against this defendant." Plaintiff again basically repeats his allegations against Hoepner and does not allege additional significant facts showing that he was denied access to the court in Case No. 12-3229.[7] The court concludes that plaintiff has utterly failed to allege any additional facts sufficient to state a constitutional claim or to otherwise show cause why this action should not be dismissed for reasons stated in its Memorandum and Order dated March 26, 2014.

The court has considered plaintiff's "Motion to Supplement Rule 15" (Doc. 35), and denies this motion. The court advised plaintiff in its April order that under Rule 15 supplements may be filed "only to 'set() out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'" The events alleged in this motion are not shown to have occurred after the date of the Amended Complaint. The court finds that this is but another improper abusive pleading by plaintiff.

Finally, the court notes that plaintiff has never complied

---

[7] Furthermore, in his Amended Complaint plaintiff's own allegations indicate that he did not fully and properly exhaust administrative remedies on his claim against Hoepner before filing this lawsuit. Instead, he attempted to file an emergency grievance to the Secretary of Corrections that was rejected as not an emergency. Even if an initial grievance was lost or not responded to, an inmate must pursue administrative remedies by following the proper procedures step by step.

with the court's initial order that he either pay the district court filing fee or submit a properly-supported motion to proceed without prepayment of fees. However, it appears that he may have attempted to do so, but the clerk docketed both his IFP motions as ones for "Leave to Appeal in forma pauperis" (Docs. 23 & 28), and they were denied as such (Doc. 29). Neither of these motions was supported by sufficient financial information, and plaintiff did not allege sufficient facts to show that he could not provide the financial information that is required by federal law. Under these circumstances, the court reconsiders plaintiff's most recent "Application to Proceed without Prepayment of Fees" (Doc. 28) and grants the motion, even though it is not supported by the requisite financial information. Accordingly, plaintiff is assessed the full filing fee.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's "Application to Proceed without Prepayment of Fees" (Doc. 28) that was docketed as his "Motion for Leave to Appeal in forma pauperis" (Doc. 28) is reconsidered as his motion to proceed without fees at the district court level and granted. Plaintiff is hereby assessed the filing fee of $ 350.00 to be paid through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). The Finance Office of the Facility where plaintiff is currently incarcerated

is directed by copy of this Order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint (Doc. 33) is granted, the clerk is to file the attached Amended Complaint that is upon forms, and plaintiff's Motion to Supplement (Doc. 35) is denied.

**IT IS FURTHER ORDERED** that the Amended Complaint filed herein is dismissed as frivolous and for failure to state a claim,[8] and all relief is denied.

The clerk is directed to send a copy of this Order to plaintiff, to the finance officer at the institution in which plaintiff is currently confined, and to the court's finance office.

**IT IS SO ORDERED.**

---

[8] This dismissal qualifies as a strike against Mr. Jones.

Dated this 28th day of May, 2014, at Topeka, Kansas.


**s/Sam A. Crow**
**U. S. Senior District Judge**